# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER N. WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>DERRAL G. ADAMS, et al.,<br><br>   Defendants. | CASE NO. 1:09-cv-01666-SMS PC<br><br>ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 10)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Christopher N. Washington, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2009. Pending before the Court is Plaintiff's amended complaint, filed March 4, 2010.[1] Plaintiff brings suit against Warden Derral G. Adams, Chief Deputy Warden M. Junious, and Inmate Appeals Branch Chief N. Grannis for violating his rights under the First Amendment of the United States Constitution.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff's original complaint was stricken from the record for lack of signature.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's First Amendment Claim

Plaintiff desires to add Al Bey, a religious name, to his commitment name so that he is identified as Christopher N. Washington Al Bey. Plaintiff alleges that prison officials refuse to allow him to use his religious name in conjunction with his commitment name, in violation of his First Amendment right to freely exercise his religion.

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v.

///

Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Prisoners are entitled under the First Amendment to use their religious and committed names on correspondence and other documents. Malik v. Brown, 16 F.3d 330, 333-34 (9th Cir. 1994). However, Plaintiff must allege sufficient facts to state a plausible First Amendment claim. Iqbal, 129 S.Ct. at 1949-50. Left unclear by Plaintiff's amended complaint are the circumstances under which Plaintiff seeks to have his religious name recognized.[2] Further, it is unclear whether Plaintiff is challenging a rule or regulation, or a discretionary decision made by a prison official.

In addition, Plaintiff must link the defendants named in the complaint to the violation complained of. Jones, 297 F.3d at 934. From Plaintiff's exhibit, it appears his name change request was denied by the warden's designee. (Amend. Comp., p. 5.) That designee would be the proper party to name as a defendant. Defendant Adams, on the other hand, may not be held liable for his subordinate's action under the theory of respondeat superior. Iqbal, 129 S.Ct. at 1948-49. Further, Defendant Junious and a designee for Defendant Grannis were involved only to the extent they reviewed and denied Plaintiff's administrative appeal of the denial of his request.[3] They may not be held liable under section 1983 for violating Plaintiff's First Amendment rights, because they were not personally involved in the decision to deny his name change request.[4] Id. Due to these deficiencies, Plaintiff fails to state a claim.

### III. Conclusion and Order

Plaintiff's amended complaint does not state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff the opportunity to file a second amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

---

[2] For example, there is no indication Plaintiff legally changed his name and it is not clear if he merely seeks to use both names in his correspondence or whether he is seeking to have official records changed to his religious name.

[3] Again, it is not entirely clear from the record, but it appears that Defendant Adams' designee denied the name change request, which is distinguishable from the administrative review of Plaintiff's appeal of that decision.

[4] Defendant Grannis was not personally involved at all. C. Hall, a designee for Grannis, considered Plaintiff's inmate appeal.

3

Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed March 4, 2010, is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   January 21, 2011**             /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE