# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER N. WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>DERRAL G. ADAMS,<br><br>  Defendant.<br>_____/ | CASE NO. 1:09-cv-01666-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO SET ASIDE THE DISMISSAL OF HIS CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF BE GRANTED AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(Docs. 66, 67, and 80)<br><br>TWENTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Addressing Plaintiff's Pending Motions**

**I.     Motion to Set Aside Order Dismissing Claims for Equitable Relief**

    **A.     Procedural History**

Plaintiff Christopher N. Washington, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 21, 2009. This action was proceeding on Plaintiff's second amended complaint, filed on March 24, 2011, against Defendant Adams on Plaintiff's claim for damages arising from Defendant's alleged violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment of the United States Constitution. 28 U.S.C. § 1915A. On March 27, 2012, the Court granted in part and denied in part Defendant's motion to dismiss, resulting in the dismissal of Plaintiff's claim for damages on the ground of qualified immunity. Fed. R. Civ. P. 12(b)(6).

    Now pending before the Court are Plaintiff's motions seeking relief from the screening order dismissing his claims for declaratory and injunctive relief. Fed. R. Civ. P. 60(b)(6). Pursuant to the

Court's order filed on March 27, 2012, Defendant timely filed a statement of non-opposition on April 27, 2012, and Defendant filed an answer on May 18, 2012, following which the discovery and scheduling order was issued. (Docs. 74, 79, 83, 84.) Plaintiff has not filed a reply and his motions have been submitted upon the record. Local Rule 230(l).

### B. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

### C. Discussion

At the time Plaintiff's second amended complaint was screened on May 27, 2011, Plaintiff was no longer incarcerated at California State Prison-Corcoran and his claims for declaratory and injunctive relief were dismissed. (Doc. 21.) However, Plaintiff was subsequently transferred back to CSP-Corcoran and he seeks reinstatement of his claims, a request which is unopposed by Defendant. (Docs. 59, 66, 67, 79.) Based on this change in circumstance, Plaintiff's claims for equitable relief are no longer moot and relief from the screening order is justified. Fed. R. Civ. P. 60(b)(6). Therefore, the Court recommends Plaintiff's motions be granted and this action proceed on Plaintiff's First Amendment claim for declaratory and injunctive relief.

### II. Motion for Default Judgment

The Court further recommends that Plaintiff's second motion for default judgment, filed on April 30, 2012, be denied. Plaintiff's previous motion for default judgment, filed on April 4, 2012, was denied on April 24, 2012. It appears Plaintiff filed his second motion before receiving the ruling on his first motion, but the grounds for denial are the same: Defendant Adams is not in default, Fed.

R. Civ. P. 55, nor has he engaged in conduct which would subject him to terminating sanctions under the Court's inherent power, Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001).

### III.     Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motions to set aside the dismissal of his claims for declaratory and injunctive relief, filed on February 6, 2012, be GRANTED;

2. This action proceed on Plaintiff's declaratory and injunctive relief claims arising from the alleged violation of his rights under the Free Exercise Clause of the First Amendment of the United States Constitution; and

3. Plaintiff's second motion for default judgment, filed on April 30, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 5, 2012**                        /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE