IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER N. WASHINGTON, | CASE No. 1:09-cv-01666-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS |
| vs. | (ECF No. 111, 115, 121) |
| DERRAL G. ADAMS, | CASE TO REMAIN CLOSED |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff Christopher N. Washington, a state prisoner proceeding pro se, filed this civil rights action on September 21, 2009 pursuant to 42 U.S.C. § 1983. The action proceeded on Plaintiff's March 24, 2011 second amended complaint (ECF No. 20) against Defendant Adams for damages for Defendant's alleged violation of Plaintiff's rights under the Free Exercise Clause of the First Amendment of the United States Constitution. Defendant was Warden of California State Prison-Corcoran (CSP-Corcoran) during the relevant time period. Plaintiff's claim arises from Defendant's denial of his written request for a religious name change.

On August 1, 2012, following a settlement conference, Plaintiff and Defendant filed a stipulation for voluntary dismissal of this action, with prejudice. (ECF No. 109.)

On August 3, 2012, the Court ordered the Clerk to close this case and deny all pending motions pursuant to Plaintiff's voluntary dismissal. (ECF No. 110; Fed. R. Civ. P. 41(a)(1)(A)(ii).) On August 21, 2012, Plaintiff filed a motion seeking enforcement of the settlement agreement. (Mot. Enf. J., ECF No. 111.) On September 17, 2012, this Court issued a minute order directing the parties to inform the Court whether the terms of the settlement in this matter had been implemented. (ECF No. 113.)

On September 26, 2012, Plaintiff filed his response to the Court's September 17th order. (Plf. Response, ECF No. 114.) On October 1, 2012, Defendant filed his response to the Court's September 17th order. (Def. Response, ECF No. 117.) Plaintiff filed purported objections to Defendant's response and a request for findings and conclusions by the Court on October 15, 2012. (Plf. Obj. to Def. Response, ECF No. 119.)

Plaintiff filed a motion for sanctions against Defendants on September 26, 2012, based upon alleged failure to comply with the settlement agreement. (Mot. Sanctions, ECF No. 115.)

Plaintiff filed a motion for referral of this matter to alternative dispute resolution on December 13, 2012. (Mot. ADR, ECF No. 121.)

The foregoing motions are now before the Court.

## II. ARGUMENTS

### A. Plaintiff's Arguments

Plaintiff asks that the Court reopen this case pursuant to Fed. R. Civ. P. 70, 71, arguing Defendant failed to add his religious name, El-Bey-Washington, to prison records as required by the settlement agreement that led to his voluntary dismissal; he also requests that the Court order Defendant and non-party C. Gipson to comply with the settlement agreement. (Mot. Enf. J. at 1:12-2:26.) He claims that the name change is to be implemented in all his prison records statewide including records upon transfer

(Plf. Response at 2:5-9) and that his records have not been updated accordingly. (Id. at 2:15-16.)

Plaintiff seeks unspecified sanctions pursuant to Fed. R. Civ. P. 11 and Local Rule 110, based upon Defendant's alleged failure to comply with the settlement agreement that was the basis for the Court's order closing this case. (Mot. Sanctions at 1:12-28.)

Plaintiff seeks referral of the foregoing matters to alternative dispute resolution pursuant to Local Rules 16-271 and 83-143. (Mot. ADR at 2:3-3:15.)

### B. Defendant's Arguments

Defendant responds to the Court's September 17th order by arguing that the settlement agreement requires "[t]he Warden at California State Prison, Corcoran, will update Plaintiff's prison records to reflect the name CHRISTOPHER NATHANIEL EL BEY WASHINGTON as an 'also committed' name"; that "there are no other actions required on the part of CDCR or Defendant"; that Defendant has updated Plaintiff's prison records to reflect the name "Christopher Nathaniel El-Bey Washington" in the CDCR's Offender-Based Information System (OBIS) and Strategic Offender Management System (SOMS); and that based thereon Defendant has implemented the terms of the settlement agreement. (Def. Response at 1:21-2:4.)

Defendant does not concede the Court has jurisdiction to enforce the settlement agreement, arguing that enforcement of the settlement agreement requires an independent basis for jurisdiction and that no basis for jurisdiction is apparent here. (Id. at 2:5-10.)

### III. ANALYSIS

#### A. No Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Kokkonen v. Guardian Life Insurance Co., 511

1  U.S. 375, 377 (1994). A claim for breach of contract or settlement agreement, even if
2  part of the consideration for it is dismissal of a federal case, will not provide the basis
3  for federal court jurisdiction. Id. at 378. This limited jurisdiction cannot be expanded by
4  judicial decree or consent of the parties. Id., citing American Fire & Casualty Co. v.
5  Finn, 341 U.S. 6, 17-18 (1951). Lack of jurisdiction is to be presumed and the burden
6  of proving jurisdiction rests with the party asserting jurisdiction. Kokkonen, 511 U.S. at
7  377. Enforcement of a settlement requires its own basis for jurisdiction. Id.

8      Plaintiff fails to allege any basis for jurisdiction in this Court to enforce the
9  settlement agreement. There is no Court ordered settlement or judgment for the Court
10 to enforce. (See Fed. R. Civ. P. 41, 60, 70.) This matter was ordered closed based on
11 Plaintiff's stipulation of voluntary dismissal. (Order Closing Case, ECF No. 110; Fed.
12 R. Civ. P. 60(b)(1).)

13     Nothing before the Court suggests extraordinary circumstances where one of
14 the parties has repudiated the agreement making it necessary for the Court to set
15 aside the settlement. See Fed. R. of Civ. P. 60(b)(6). Keeling v. Sheet Metal Workers
16 Int. Assoc., 937 F.2d 408, 410 (9th Cir. 1991).

17     **B.**    **No Breach of Settlement Agreement**

18     Even if jurisdiction existed, Plaintiff has not demonstrated he is entitled to, and
19 in need of, the relief he seeks. Plaintiff fails to allege facts sufficient to suggest the
20 terms and conditions of the settlement agreement have not been implemented.
21 Indeed, Defendants' response suggests that the terms of the settlement agreement
22 have in fact been complied with.

23 **IV.**    **CONCLUSION AND ORDER**

24     This action has been voluntarily dismissed by Plaintiff. There is no Court
25 ordered settlement or judgment. Extraordinary circumstances for the Court to set
26 aside the settlement agreement have not been shown to exist. The Court otherwise

27

28

lacks jurisdiction to entertain Plaintiff's instant motions.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions to enforce the settlement agreement, for sanction, and for reference to alternative dispute resolution (ECF Nos. 111, 115, 121) are DENIED.

The Clerk is directed that this case shall remain closed.

IT IS SO ORDERED.

Dated:   January 8, 2013              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

-5-